UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HORACIO LINARES,<br><br>Defendant. | Case No. 1:15-cr-00022-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Defendant Linares's Motion to Withdraw Guilty Plea (Dkt. 492). The Court conducted a hearing on the motion on September 7, 2016 and now issues the following decision.

The standard in the Ninth Circuit for withdrawal of a guilty plea is fairly well established. After the court accepts a guilty plea, but before it imposes sentence, a defendant may withdraw the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden is on the defendant to show the fair and just reason. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir.2004). Fair and just reasons include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir.2008). Notably, the Ninth Circuit has indicated that a

**MEMORANDUM DECISION AND ORDER - 1**

defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003).

A review of the transcript of the change of plea hearing[1], plus the evidence and argument presented at the hearing on the motion to withdraw, indicate that the defendant has not met his burden. He gives a two-part argument for wanting to withdraw his guilty plea – the recommended guideline range is above what he expected it to be, and he speaks very little English so he did not fully understand the agreement.

The recommended guideline range is based on facts that were contained in an earlier copy of the plea agreement which had been translated into Spanish (written) and provided to Linares. By his own testimony, he had a week or two to review that plea agreement. The only change made to the final plea agreement was the removal of one sentence at the request of Linares. The removed sentence stated a specific amount of controlled substance which the parties would agree was distributed by Linares. That number would have resulted in a specific base offense level. Linares wanted it removed and it was removed.

Linares then signed the plea agreement without that one sentence. The signed plea agreement contains language indicating that it was read to him by an interpreter, that he carefully reviewed every part of the agreement with his attorney, that he discussed all of his rights with his attorney, and that no other promises or inducements had been made to

---

[1] The change of plea hearing was conducted by visiting District Judge Dee Benson from the District of Utah. I reviewed the official transcript of that hearing because I did not conduct it.

**MEMORANDUM DECISION AND ORDER - 2**

him. Plus, at the change of plea hearing he stated, under oath, that he had discussed the plea agreement with his attorney. And he agreed, again under oath, with the Government's factual basis for the crime, after hearing it from the interpreter.

Under these circumstances, the Court finds that Linares participated in his plea negotiations, and willingly signed a plea agreement he understood. His testimony at the change of plea hearing does nothing to change that. In fact, his testimony was more inconsistent than anything. He testified that he did not sign the initial version of the plea agreement because he was "not in agreement with any of the terms" of it. Yet, he later signed a plea agreement that was identical to the initial version, except for one sentence that had been removed at his request. He then testified that he wanted the offense level specified in the plea agreement – but it is undisputed that he is the one who wanted it removed. Clearly, Linares and the Government negotiated about a base offense level, could not agree on one, and ultimately agreed to a plea agreement which did not contain an agreed upon base offense level. That Linares did not get everything he wanted in the plea agreement – but signed it after fully reviewing it in Spanish and with an interpreter – and ultimately received a recommended base offense level he did not want, is not grounds for withdrawal of the guilty plea. As explained above, a defendant cannot withdraw his guilty plea because his sentence will be higher than he expected. *Nostratis*, 321 F.3d at 1211. Linares has not shown "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Accordingly, the Court will deny the motion and set this case for sentencing.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**IT IS HEREBY ORDERED:**

1. Defendant Linares's Motion to Withdraw Guilty Plea (Dkt. 492) is **DENIED**.

DATED: September 21, 2016

B. Lynn Winmill
Chief Judge
United States District Court