UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HORACIO LINARES,<br><br>Defendant. | Case No. 1:15-cr-00022-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Horacio Linares' Motion for Compassionate Release. Dkt. 574. The Government opposes the motion. Dkt. 575. For the reasons that follow the Court will deny the motion.

### BACKGROUND

Mr. Linares pled guilty to conspiracy to distribute methamphetamine and was sentenced to 120 months incarceration on November 1, 2016. Dkt. 413, 512, 513. The record shows that Linares was involved in a conspiracy that distributed multiple pounds of methamphetamine. Dkt. 454. He was held responsible for 269

MEMORANDUM DECISION AND ORDER - 1

grams of actual methamphetamine. *Id.* ¶ 146. Linares had prior state convictions for possessing and distributing a controlled substance and driving under the influence. *Id.* ¶ 159-162.

Mr. Linares is 52 years old. His projected release date is August 27, 2023. He has served approximately 70 months of his sentence.

In July 2019 Linares underwent surgery for a bowel obstruction. While at the hospital he was diagnosed with valley fever (coccidioidomycosis), which is a fungal infection that first affects the lungs and may spread through the rest of the body in severe cases.[1] He was prescribed antifungal medications. In February 2020, doctors noted that the disease caused a "cavitating nodule," or abscess, in his left lung. Dkt. 574-2 at 58, 70. While at the hospital Linares also developed polyneuropathy, experiencing significant muscle stiffness and effectively losing function of his arms and legs.

As of April 2020, Linares' medical records indicate that his treatment for valley fever had ended, that it was "in remission", and that "[h]e has no further issues or concerns with this problem." Dkt. 574-2 at 79. The records also show that Linares has been discharged from physical therapy and completes all of his own

---

[1] *See* https://www.cdc.gov/fungal/diseases/coccidioidomycosis/definition.html (last accessed December 11, 2020).

**MEMORANDUM DECISION AND ORDER - 2**

activities of daily living. *Id.* Linares reported to counsel that he has difficulty breathing and often feels he cannot get enough oxygen in his lungs, but this is not reflected in the medical records. The Government filed a medical record from October 7, 2020, showing that Linares had a pain in his ear and complained of pain in his big toe along with other miscellaneous aliments of his fingers. Dkt. 576. The nurse noted that he had finished the course of antibiotic treatment for an ear infection and that his toe pain may be related to wearing the wrong size shoes. *Id.* The medical record noted no other complaints.

Linares submitted a request for compassionate release to the Warden of Springfield MCFP, which was denied on April 27, 2020.[2] Dkt. 574-3 at 1. On May 11, 2020, Linares filed a pro se motion for compassionate release. Dkt. 570. On October 13, 2020, the Federal Defender Services of Idaho appeared on his behalf and filed a more detailed motion for compassionate release. Dkt. 574. The Government opposes the motions on the grounds that Mr. Linares has not demonstrated extraordinary and compelling reasons for his release nor that he is

---

[2] At the time of his motions Linares was housed at Springfield Medical Center. Now, according to the BOP Inmate finder, he is housed at FTC Oklahoma City. https://www.bop.gov/inmateloc/ (last accessed December 11, 2020). FTC Oklahoma City currently has 26 inmates and 50 staff with active COVID-19 cases. https://www.bop.gov/coronavirus/ (last accessed December 11, 2020).

**MEMORANDUM DECISION AND ORDER - 3**

not a danger to the community.

## LEGAL STANDARD

Linares seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## ANALYSIS

### A.   Exhaustion of Administrative Remedies

Linares submitted a request for compassionate release to the Warden of Springfield FMCP, which was denied on April 22, 2020. The Court finds, and the Government agrees, that Linares has exhausted his administrative remedies and his motion is ripe for consideration.

### B.   Extraordinary and Compelling Circumstances

Having determined that Linares exhausted his administrative remedies, the Court must consider whether "extraordinary and compelling reasons" warrant a

reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). Linares bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

### 1. Section 1B1.13 is not an Applicable Policy Statement.

Congress did not define "extraordinary and compelling reasons" and instead deferred the matter to the Sentencing Commission. *See Rodriguez*, 424 F. Supp. 3d at 681. Prior to the passage of the First Step Act, only the Director of BOP was authorized to bring a motion for compassionate release. *See id.* Congress, concerned with BOP's infrequent and seemingly arbitrary use of compassionate release, passed the First Step Act. *United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020) (describing history of compassionate release and first step act). The First Step Act enacted the current version of § 3582(c)(1)(A), which allows inmates to bring their own motion for compassionate release. *See* P.L. 115-391 § 603(b), 132 Stat. 5194, 5239.

Before the passage of the First Step Act, the Sentencing Commission issued a policy statement defining extraordinary and compelling reasons for motions brought by the Director of BOP. U.S.S.G. § 1B1.13 cmnt. n.1; *See Brooker*, 976

F.3d at 232-33; *Rodriguez*, 424 F. Supp. 3d at 681. Broadly, these include the defendant's medical condition, age, and/or family circumstances, and a fourth catchall provision, "other reasons."

There is some confusion whether § 1B1.13 is an "applicable policy statement" and is binding on courts when considering compassionate release motions brought by inmates. *See Brooker,* 976 F.3d at 234; *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *6 (4th Cir. Dec. 2, 2020). The growing consensus is that it is not. *McCoy*, 2020 WL 7050097, at *7.

The Ninth Circuit has not decided the issue but continues to reference the policy statement in unpublished opinions on compassionate release brought under § 3582(c)(1)(A). *United States v. Arceneaux*, No. 20-10277, 2020 WL 7230958, at *1 (9th Cir. Dec. 8, 2020); *United States v. Dvorak*, No. 20-30005, 2020 WL 7230602, at *1 (9th Cir. Dec. 8, 2020). It is not clear from these opinions whether the Ninth Circuit views § 1B1.13 as binding or as merely a good point of reference.

To date the four circuit courts to consider the question have held that, because § 1B1.13 only applies – by its terms – to motions brought by the Director of BOP it is not an applicable policy statement. *McCoy*, 2020 WL 7050097, at *7 (collecting cases). District Courts in the Ninth Circuit are generally in agreement

with this view. *See U.S. v. Bealer*, 2020 WL 7246908, at *3 (D. Haw. Dec. 8, 2020).

In *U.S. v. Van Cleave*, 2020 WL 2800769 (W.D. Wash. May 29, 2020), Judge Lasnik held that the "guidance of § 1B1.13 is persuasive, but not binding,"[3] concluding that the court "has discretion to consider 'extraordinary and compelling circumstances' that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement." This Court agrees with Judge

---

[3] This analysis is also supported by the Government's argument involving the policy statement for compassionate release motions during COVID. All of the extraordinary and compelling reasons listed in the policy statement are in the present tense. For example, Application Note 1(A)(ii) explains that a defendant may demonstrate extraordinary and compelling circumstances if the "defendant *is*…suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Read literally this policy statement would require the Court to wait and see whether an inmate with an underlying medical condition suffered severe enough complications from contracting COVID-19 that he or she was no longer able to provide self-care. But, this is not what the Government urges. The Government argues that if an inmate has a chronic medical condition that elevates that inmate's risk of becoming seriously ill from COVID-19 that condition may be an extraordinary and compelling reason for release. As the Government's argument points out, in the context of COVID, an inmate does not need to *currently* be suffering from a condition that significantly diminishes his or her ability to provide self-care. Instead, the inmate must be suffering from a condition that, coupled with potential complications from contracting COVID-19, potentially *would* diminish their ability to provide self-care or even result in death. If the policy statement is binding – as the Government urges – and read literally, the Court would have to wait until after an inmate had contracted COVID to determine whether he or she presented extraordinary and compelling reasons justifying release.

**MEMORANDUM DECISION AND ORDER - 7**

Lasnik and the weight of authority on this topic, and holds that § 1B1.13 is persuasive, but not binding.[4]

### 2. Linares has not Demonstrated Extraordinary and Compelling Circumstances Warranting Release.

Turning to whether Mr. Linares has demonstrated extraordinary and compelling reasons justifying his release, the Court finds that he has not. Linares is 52 years old and was generally healthy prior to entering prison. Since being incarcerated he has developed symptoms of polyneuropathy, but they have improved since onset. Linares argues that he requires the use of a cane to walk and has trouble holding everyday objects. But, as of February 2020 he was transferred out of the Nursing Care Center because he was able to complete all activities of daily living independently. Dkt. 574-2. Linares also complains of a rash on his face and an ear infection. While these medical conditions may impair Linares' quality of life, he has not shown that they substantially diminish his ability to provide self-care, nor will they be exacerbated if he contracts COVID-19.

---

[4] The Court will not however, release the defendant if it finds that he poses a danger to the community. Both §1B1.13 *and* § 3553(a)(2)(c) require the court to consider whether the defendant is a danger to the community. Therefore, even though § 1B1.13 is not binding on the Court, the Court will still consider whether the defendant poses a danger to the community.

**MEMORANDUM DECISION AND ORDER - 8**

The real crux of Mr. Linares' argument is that he has "chronic" valley fever and unspecified breathing difficulties. The medical records indicate that he had a lung abscess (without pneumonia) in February 2020 and that his valley fever is in remission. The medical records from April 28, 2020 state that Linares' treatment for valley fever ended and "he has no further issues or concerns with this problem." Dkt. 574-2. The medical records show that Linares had breathing difficulty in August 2019, around the time he was diagnosed with valley fever, and that his respiratory strength and endurance were reduced in September 2019. Dkt. 574-2 at 25, 48. However, the medical records after September 2019 make no mention of any breathing difficulty or respiratory problems.

Linares cites two cases to argue that valley fever combined with COVID may be an extraordinary and compelling reason for release. *United States v. Reid*, 2020 WL 2128855 (N.D. Cal. May 5, 2020); *United States v. Joseph*, 2020 WL 2315806 (N.D. Cal. May 8, 2020). In *Reid*, the court found that the defendant's hypertension and high cholesterol, coupled with an active case of valley fever, were extraordinary and compelling circumstances. There the court was concerned with the possibility that defendant's valley fever could progress to a lung infection or acute pneumonia, which occurs in 40-50% of the cases. 2020 WL 2128855, at *3. In *Joseph*, the court found that the defendant's lung scarring caused by valley

**MEMORANDUM DECISION AND ORDER - 9**

fever and recurrent cough were extraordinary and compelling circumstances.

The CDC indicates that individuals with chronic lung diseases might be at increased risk of complications from COVID-19.[5] However, it does not specifically list valley fever as putting someone at increased risk of complications from COVID.[6] *See United States v. Nash*, 2020 WL 4758260, at *3 (W.D. Wash. Aug. 17, 2020) (denying motion for compassionate release where defendant had valley fever and hypertension). Linares' valley fever was in remission as of April 2020 and was not noted in his medical record from October. The medical records also do not give any indication of Linares' respiratory problems after September 2019.

The Court finds that Linares has not demonstrated extraordinary and compelling circumstances warranting his release. The Court notes that Linares only submitted medical records up to April 2020. The most recent of those records indicate Linares' conditions were stable or improving. The Government submitted an isolated medical record from October 2020 that listed no conditions that would

---

[5] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Last accessed December 15, 2020).

[6] According to the Valley Fever Center at Kern Medical, individuals who have had valley fever in the past and have had no new symptoms "are probably at the same risk" as other individuals of their age with similar health conditions. http://valleyfeverinstitute.com/education-and-awareness/covid-19/ (last accessed December 15, 2020).

**MEMORANDUM DECISION AND ORDER - 10**

be exacerbated by COVID. The Court will deny Linares' motion without prejudice – if there is documentation in his medical records of his breathing difficulties or further complications from his valley fever, he may file a new motion.

## ORDER

**IT IS ORDERED** that Horacio Linares' Motions for Reduction of Sentence (Dkt. 570, 574) are DENIED without prejudice.

DATED: January 4, 2021

B. Lynn Winmill
U.S. District Court Judge